## T. N. CURRY v. THE STATE.

On the trial of an indictment for retailing spirituous liquors without having paid the occupation tax therefor, it was error to exclude the sheriff's receipt for the tax, offered in evidence by the defendant to prove that he had paid the tax. The penalty is now affixed to the non-payment of the tax; and not, as formerly, to the failure to obtain license. (Section 121 of Act to levy taxes, General Laws, Called Session of the Twelfth Legislature, p. 232.)

APPEAL from Van Zandt. Tried below before the Hon. J. G. Scott.

The only material fact is disclosed in the opinion of the court.

*J. C. Kearby*, for the appellant.

*W. Alexander, Attorney General*, for the State.

EVANS, P. J.—The court below erred in refusing to permit the defendant, who was indicted for selling a quart of whisky on the twenty-eighth of June, 1871, without having license, to introduce the sheriff's receipt, in order to prove that he had paid the necessary tax.

Section 118 of the act to levy direct taxes, page 232, General Laws, Twelfth Legislature, called session, requires, in addition to the payment of the tax to the sheriff, the license of the county court; but Section 121 only attaches the penalty for failing or refusing to pay the tax.

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.